**TRUSTEES OF THE OHIO BRICK-LAYERS PENSION FUND and Trustees of the Ohio Bricklayers Health and Welfare Fund, Plaintiffs–Appellants,**

v.

**SKILLCRAFT SYSTEMS OF TOLEDO, INC., Defendant–Appellee.**

No. 02–4328.

United States Court of Appeals, Sixth Circuit.

May 13, 2004.

Before MERRITT and DAUGHTREY, Circuit Judges, and HOOD,* District Judge.

PER CURIAM.

The plaintiffs are two benefit funds who act as ERISA plan administrators for Bricklayers and Allied Craftsmen Local No. 46. They filed suit under ERISA and § 301 of the Labor and Management Relations Act against defendant Skillcraft Systems of Toledo, Inc., a small family-run company that had subcontracted work from a contractor with whom the bricklayers' union had a collective bargaining agreement that bound subcontractors such as Skillcraft. The plaintiffs claimed that the defendant was delinquent in making contributions called for under an extension of the collective bargaining agreement, a copy of which had been sent to Skillcraft for execution. The form was filled out and returned by Skillcraft employee Gail Mitchell, variously described as a secretary, bookkeeper, and office manager for the company. The district court granted summary judgment to the defendant, finding that Mitchell did not have apparent authority to bind Skillcraft to the collective bargaining agreement and also that the Funds could not recover under a theory of detrimental reliance. The plaintiffs now appeal that decision, as well as the district court's failure to grant summary judgment in their favor. We agree with the result reached by the district court and affirm.

■ This record fails to reflect any legal basis on which to find that Mitchell had actual authority to bind her employer to a contract with the plaintiffs. The plaintiffs, however, relied upon a theory that she had the *apparent* authority to act on behalf of Skillcraft, citing various functions that she performed as part of her work for the defendant, including communicating with the public and filling out and signing payroll and fringe benefit documents that had a binding effect upon her employer. In this particular case, Mitchell provided the requested information on the assent form—including writing in the names of Skillcraft's president and vice president on the line labeled "authorized representative and title"—and returned the union copy of the form to Steve Shively, the union's business manager. Despite the lack of a signature line for Skillcraft's "authorized representative," or anything purporting to be an actual signature, Shively nevertheless assumed that Local 46 had a binding contract with Skillcraft. Thus, when payments were not forthcoming, and Thomas Finch, Skillcraft's president, would not agree to an audit of his company's payroll records, the Funds' trustees filed this action.

In holding that the record failed to establish apparent authority, the district court noted that under *Anderson v. Int'l Union, United Plant Guard Workers of America,* 150 F.3d 590 (6th Cir.1998) (considering apparent authority in ERISA action), such authority "(1) results from a manifestation by a person that another is his agent, regardless of whether an actual agency relationship has been formed and (2) exists only to the extent that it is reasonable for the third person dealing with the agent to believe that the agent is authorized." *Id.* at 593. The district court held that the plaintiffs had not satisfied the first part of the *Anderson* test, because Skillcraft had not explicitly or implicitly manifested that Mitchell was its agent for executing a binding collective bargaining agreement. Moreover, as the

---

* The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court noted with regard to the second prong, there was nothing in the record to establish that the plaintiffs could have "believe[d] the agent [wa]s authorized" to sign the document at issue, because the plaintiffs presented no evidence that they knew Mitchell had filled out the form before this litigation began.

We note in addition that the plaintiffs cannot rely on the fact that the form was filled out and returned as requested in the normal course of business. Globally speaking, such a rule—taken to its logical extreme—would allow any employee, even a mail room clerk or an intern, to bind a company to a contract. Moreover, in this particular case, as the district court noted, no one at the union had spoken with anyone at Skillcraft about the collective bargaining agreement, and "the format of the form [wa]s confusing as to what it require[d]":

> [It] does not have a separate signature line for the signature of a [Skillcaft] company officer. Instead, the form simply has a line stating "Authorized Representative and Title." There is, however, a signature line for the union official's signature—the union's name is typed on the form, and under its address there is a signature line that is captioned "By." This clearly calls for a signature rather than simply a designation. Also, there is a space immediately below the union signature line for a witness signature. Just as there is no separate signature line for the company's official, there is no witness signature line underneath the "Authorized Representative and Title" line. Had there been such lines and had Mitchell filled in those lines, plaintiffs' reliance argument on apparent authority would have been much stronger.

█ The plaintiffs' final argument is that Skillcraft should be bound by the collective bargaining agreement under the doctrine of promissory estoppel. Under federal common law, the elements of promissory estoppel are:

> (1) conduct or language amounting to a representation of material facts; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on or act such that the party asserting the estoppel has a right to believe it so intended; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must detrimentally and justifiably rely on the representation.

*Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1217 (6th Cir.1987).

The district court found that the first two elements were missing because it was Mitchell, not Skillcraft, that committed the conduct and had the awareness of the true facts. We conclude, in addition, that the record fails to sustain the existence of the third element, and that the plaintiffs cannot recover under a theory of detrimental reliance.

Given our conclusion that there was no binding contract between the parties and that the district court did not err in granting summary judgment to the defendant, we find it unnecessary to address the defendant's argument that even if it had been bound under the collective bargaining agreement, payments that it made to a separate ERISA fund excused its obligation to make contributions to the plaintiff Funds.

The district court's judgment is AFFIRMED.